UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                                          CRIMINAL NO. 3:08-CR-00111-CRS

JOHN ROBERT BOONE                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on defendant John Robert Boone's motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). ECF No. 20. The United States responded to this motion, arguing that Boone is not entitled to a *Franks* hearing. ECF No. 21. Boone subsequently replied. ECF No. 25.

The court referred this matter to Magistrate Judge Colin Lindsay for report and recommendation under 28 U.S.C. § 636(b). Judge Lindsay recommended that the court deny Boone's motion. R. & R., ECF No. 30. Boone did not object.

Under 28 U.S.C. § 636(b)(1)(C), a magistrate judge may make proposed findings of fact and recommendations for the disposition of a motion. A party may file written objections to the findings and recommendations within fourteen days of being served with the proposed findings and recommendations. The district court then "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

In *Franks v. Delaware*, the Supreme Court held that "where [a] defendant makes a preliminary showing that a false statement knowingly and intentionally, or with reckless

1

disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* at 155-56. The defendant's "allegations must be more than conclusory," and he "must point to specific false statements . . . with an offer of proof." *U.S. v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). "[T]here is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008).

Judge Lindsay concluded that Boone failed to make a preliminary showing that the warrant affidavit contained false statements or material omissions. Although Boone asserts that law enforcement officers were not engaging in a legal 'knock-and-talk' at the time they observed marijuana on his property, he offers no evidence to support this statement. Moreover, he fails to cite any case law suggesting that a warrant affidavit based on information obtained during a 'knock-and-talk' must describe the details of the 'knock-and-talk' itself. Insofar as Boone argues that the warrant lacked specific house numbers or descriptions of vehicles to be searched, this goes to the validity of the warrant itself, which is not the subject of a *Franks* hearing. Boone's bare assertions are insufficient to require a *Franks* hearing.

Because Boone did not object to Judge Lindsay's report and recommendation, it will be adopted in full by this court. Boone's motion for a *Franks* hearing will be denied. An order will be entered in accordance with this memorandum.

November 3, 2017

Charles R. Simpson III, Senior Judge
United States District Court

2