UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.  CIVIL ACTION NO. 3:08-CR-00111-CRS

JOHN R. BOONE  DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court on defendant John R. Boone's motion to allow his attorney's paralegal to meet privately with him or to accompany his attorney on attorney-client visits. ECF No. 26. The United States responded. ECF No. 34. Boone subsequently replied. ECF No. 43. For the reasons stated below, Boone's motion will be denied.

Joseph Bickett was convicted on felony marijuana-related charges in this court in 1990, and served over twenty years in prison for his crime. ECF No. 26. Following his release, Bickett began working as a paralegal for attorney Elmer George, who represents Boone in this case. *Id.* The Oldham County Jail—where Boone is currently being held—has denied Bickett entry to the jail based on his prior felony conviction. *Id.* Boone files this motion seeking an order to allow Bickett access to the Oldham County Jail in order to assist George in defending the case.

County jailers have the authority to set jail visitation policy. Courts generally defer to jailers on such policies "not merely because the [jailer] ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (citing

1

*Procunier v. Martinez*, 416 U.S. 396 (1974)). Oldham County Jail's visitation policy states that "[i]t is likely that the . . . Jail will deny visitation to anyone with a past felony conviction regardless of probation/parole status." Def. Ex. C, ECF No. 26-3. It further states that "[t]he Oldham County Jail reserves the right to deny any person the right to enter the jail it chooses for any reason." *Id.* Because Bickett is a convicted felon—and his conviction relates to the crimes Boone is currently charged with—the court will defer to the Oldham County Jail's determination that Bickett should be denied entry.

Denying Bickett entry to the Oldham County Jail does not, as Boone's motion suggests, violate Boone's right to due process or right to counsel. Although Bickett is not permitted to visit Boone at the Oldham County Jail, George or any other member of Boone's legal team that does not have a felony conviction is still able to enter the jail.

For the foregoing reasons, Boone's motion to allow his attorney's paralegal to visit him or accompany his attorney on attorney-client visits at the Oldham County Jail will be denied. An order will be entered in accordance with this memorandum.

November 21, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**